1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DAVID A. JAKOPIN (NO. 209950)
2  david.jakopin@pillsburylaw.com
   KEREN HU (NO. 252725)
3  keren.hu@pillsburylaw.com
   2550 Hanover Street
4  Palo Alto, CA 94304-1115
   Telephone: (650) 233-4500
5  Facsimile No.: (650) 233-4545

6  *Attorneys for Plaintiff*

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | SKYHIGH NETWORKS, INC., a Delaware corporation, | ) ) ) | CASE NO.:  2:14-cv-
|---|---|---|
13 | Plaintiff, | ) ) ) | |
14 | vs. | ) ) ) | **COMPLAINT FOR DECLATORY JUDGMENT OF PATENT NON-INFRINGEMENT** |
15 | PROTEGRITY CORPORATION, a foreign corporation, | ) ) ) | **DEMAND FOR JURY TRIAL** |
16 | Defendant. | ) ) | |
17 | | ) | |

18     Plaintiff SKYHIGH NETWORKS, INC. ("Skyhigh"), for its Complaint against Defendant

19 PROTEGRITY CORPORATION ("Defendant"), alleges as follows:

20                          **I. JURISDICTION AND VENUE**

21     1.    This is an action for a declaratory judgment of patent non-infringement arising

22 under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and under the patent laws of the

23 United States, Title 35, United States Code.  This Court has subject matter jurisdiction pursuant to

24 35 U.S.C. §§ 271 et seq., and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

25     2.    Defendant is subject to personal jurisdiction in this judicial district pursuant to Rule

26 4(k)(2) of the Federal Rules of Civil Procedure.  Defendant is a Cayman Islands corporation, and is

27 not subject to jurisdiction in any state's courts of general jurisdiction.  Exercising jurisdiction over

28 Defendant in this case is consistent with the United States Constitution and laws.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(d) and 1400(b) because Defendant is an alien and a substantial part of the events giving rise to Skyhigh's claims occurred in this district.

## II. THE PARTIES

4. Plaintiff Skyhigh is a Delaware corporation with its principal place of business at 1601 S. DeAnza Blvd., Cupertino, CA 95014.

5. Skyhigh is informed and believes, and thereupon alleges, that Defendant is a corporation incorporated under the laws of the country of The Cayman Islands and has a mailing address of P.O. Box 309, Ugland House, South Church Street, Grand Cayman, Cayman Islands.

## III. ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

6. Skyhigh provides cloud usage analytics that allow for its customers to institute privacy, security and/or compliance policies with respect to cloud-based services used by its customers.

7. Defendant has asserted that it is the owner of U.S. Patent Nos. 6,321,201 and 8,402,281.

8. U.S. Patent No. 6,321,201 ("the '201 Patent") is entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level." According to the face of the '201 Patent, it issued on November 20, 2001. A copy of the '201 Patent is attached hereto as Exhibit 1.

9. U.S. Patent No. 8,402,281 ("the '281 Patent") is entitled "Data Security System for a Database." According to the face of the '281 Patent, it issued on March 19, 2013. A copy of the '281 Patent is attached hereto as Exhibit 2.

10. On July 1, 2014, Defendant's "patent litigation counsel" sent a correspondence to Skyhigh ("July 1, 2014 Letter"). In the July 1, 2014 Letter, which has a Re: line of "Infringement on Protegrity Patent Portfolio," Defendant's litigation counsel asserted that Defendant believes that Skyhigh infringes the '201 Patent and the '281 Patent. A copy of the July 1, 2014 Letter is attached hereto as Exhibit 3.

11. Skyhigh is informed, believes and alleges that from March 1, 2013 until July 1,

2014, Defendant has sued at least 18 companies for alleged patent infringement. Defendant has asserted the '201 Patent and/or the '281 Patent when bringing several of the at least 18 different lawsuits.

12. Defendant has asserted that Skyhigh's Cloud Security Manager infringes the '201 Patent and the '281 Patent.

13. Skyhigh does not believe that its Cloud Security Manager infringes any claim of the '201 Patent or the '281 Patent.

14. By reason of the foregoing, an actual, immediate and justiciable controversy exists between Skyhigh and Defendant regarding whether Skyhigh's products and services infringe the '201 Patent and the '281 Patent.

## IV. FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '201 Patent)**

15. Skyhigh hereby repeats and realleges the allegations contained in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Skyhigh has not infringed and does not presently infringe any claim of the '201 Patent.

17. Skyhigh is entitled to offer its products and services without interference by Defendant. Defendant's allegations and activities warrant judicial relief from this Court in the form of a declaration that Skyhigh does not infringe the '201 Patent.

## V. SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement of the '281 Patent)**

18. Skyhigh hereby repeats and realleges the allegations contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Skyhigh has not infringed and does not presently infringe any claim of the '281 Patent.

20. Skyhigh is entitled to offer its products and services without interference by Defendant. Defendant's allegations and activities warrant judicial relief from this Court in the form of a declaration that Skyhigh does not infringe the '281 Patent.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Skyhigh requests that:

1. This Court enter a judgment declaring that Skyhigh has not infringed and is not infringing, contributorily infringing or inducing infringement of the '201 Patent or the '281 Patent;

2. This Court enter a judgment declaring that Skyhigh has the lawful right to continue to make, use, sell, offer for sale, import, manufacture and market its products and services without threat of any interference by Defendant;

3. Defendant and its agents, representatives, attorneys and those persons in active concert or participation with them who received actual notice hereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against Skyhigh or any of its customers, distributors, dealers or suppliers, or any prospective customers, distributors, dealers or suppliers of Skyhigh, or charging any of them with infringement of the '201 Patent or the '281 Patent;

4. This Court enter a judgment declaring this action to be an exceptional case under 35 U.S.C. § 285;

5. Skyhigh be awarded its costs, expenses and attorneys' fees;

6. Skyhigh be awarded relief under 28 U.S.C. § 2202; and

7. Skyhigh be awarded such other and further relief as this Court deems just and proper.

# VII.  DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Skyhigh demands a trial by jury of all issues raised by the pleadings which are triable by jury.

DATED this July 11, 2014

        PILLSBURY WINTHROP SHAW PITTMAN LLP

        /s/ David A. Jakopin
        David A. Jakopin
        2550 Hanover Street
        Palo Alto, CA  94304-1115
        Telephone: (650) 233-4500
        Facsimile No.: (650) 233-4545

        *Attorney for Plaintiff*